UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNE HARDING, RAY HUEBNER, GREGORY R. JACOBS, MORGAN MCCOMB, AND JOHANNES PETER SCHROER | § § § § § § | |
| Plaintiffs, | § § | C.A. NO. 3:15-CV-00131-D |
| V. | § § | |
| COUNTY OF DALLAS, TEXAS CLAY LEWIS JENKINS, in his official Capacity as County Judge of Dallas County, et al., Defendants, | § § § § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Defendants, County of Dallas, Texas, Clay Lewis Jenkins, in his capacity as County Judge of Dallas County, Texas, and Theresa Daniel, Mike Cantrell, John Wiley Price, and Elba Garcia, in their capacity as County Commissioners (hereinafter collectively referred to as "Defendants"), and makes and files this their Original Answer to Plaintiffs' Original Complaint[1] and would respectfully show unto this Honorable Court as follows:

---

[1] References to "Paragraph x" are to numbered paragraphs in Plaintiffs' First Amended Complaint. The statement "Defendants lack sufficient information to admit or deny" means that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation, as permitted under FRCP 8(b)(5).

## RESPONSES TO ALLEGATIONS

Defendants deny the allegations made in first four (4) paragraphs of the Complaint.

1-5.  Paragraph 1 through 5:  Defendants lack sufficient information to admit or deny the allegations made in these paragraphs.

6.  Paragraph 6:  Defendants admit Dallas County government is a political subdivision the governing body of which is made up of the County Judge and four (4) County Commissioners.  Defendants admit the remaining allegations except that the County Judge is elected "county wide"; the terms "at large" elections are terms that are usually associated within the context of voting for more than one elected official of a particular governing body through "at large voting".  The remaining allegations are denied.

7-8.  Paragraph 7 and 8:  Plaintiffs make a legal argument, not factual assertions.  Applicable law speaks for itself, and does not require that Defendants admit or deny it.

9-10.  Paragraphs 9 and 10:  Plaintiffs make a legal argument, not factual assertions.  Applicable law speaks for itself, and does not require that Defendants admit or deny it.  Nevertheless, Defendants do not contest venue or jurisdiction except insofar as whether the Plaintiffs have or will suffer injury sufficient to

create standing and thereby vest this Court with subject matter jurisdiction over their claims.

11-12. <u>Paragraph 11 and 12:</u>  Plaintiffs make general allegations about elections that Defendants cannot deny or admit at this time without further inquiry, including expert analysis, therefore Defendant denies them at this time.

13. <u>Paragraph 13:</u>  Plaintiffs assert what appears to be official United States Census data which speaks for itself.  The term "minority" used in this paragraph is too vague and as such cannot be admitted or denied, therefore denied.

14. <u>Paragraph 14:</u>  Plaintiffs make general allegations about elections that Defendants cannot deny or admit categorically, therefore Defendant denies them.

15. <u>Paragraph 15:</u> Defendants admit that courts have found a history of voting-related discrimination against African-Americans and Hispanic-Americans, including racial appeals adverse to these citizens.  Defendants deny official discrimination against Anglos and lack sufficient information to admit or deny the use of racial appeals adverse to Anglos.  Defendants deny that they have been unresponsive to the Anglo minority.

16. <u>Paragraph 16:</u>  Defendants admit that they reapportioned the commissioner precincts pursuant to the release of the 2010 United States Census data as required by law; but deny all other allegations made in the rest of this paragraph.

17. <u>Paragraph 17:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

18. <u>Paragraph 18:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

19. <u>Paragraph 19:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

20. <u>Paragraph 20:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

21. <u>Paragraph 21:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

22. <u>Paragraph 22:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

23. <u>Paragraph 23:</u>  Plaintiffs make general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

24-34. <u>Paragraph 24-34:</u>  Defendants deny these allegations.

Prayer for Relief (a) through (e): Defendants deny that Plaintiffs are entitled to any of the relief requested. The Defendants' present single member district plan does not injure Plaintiffs, does not unlawfully dilute their voting strength or deny Plaintiffs any rights secured by the asserted legal claims. Plaintiffs are not entitled to injunctive relief. The Defendants' districting plan is lawful. Plaintiffs are not entitled to recover costs, expenses or attorneys' fees. No other relief is appropriate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants County of Dallas, Texas, Clay Lewis Jenkins, in his capacity as County Judge of Dallas County, Texas, and Theresa Daniel, Mike Cantrell, John Wiley Price, and Elba Garcia, in their capacity as County Commissioners pray that the Court demand strict proof of Plaintiffs' claims and that should the evidence not support those claims, that Plaintiffs take nothing by reason of this suit; that the Court issue Final Judgment in favor of these Defendants.

Dated this 11th day of June, 2015.

Respectfully Submitted,

**BRAZIL & DUNN**

/s/Chad W. Dunn
Chad W. Dunn - 24036507
K. Scott Brazil - 02934050

4201 Cypress Creek Parkway, Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

J. Gerald Hebert (Pro Hac Vice)
Virginia Bar No. 38432
191 Somervelle Street, #405
Alexandria, Virginia 22304
Telephone (703) 628-4673
hebert@voterlaw.com

Peter L. Harlan
SBN: 09011300
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., 11th Floor
Suite C4-2 LB 19
Dallas Texas 75207
Telephone: (214) 653-3690
Facsimile: (214) 653-2899
pharlan@dallascounty.org

ROLANDO L. RIOS & ASSOCIATES
Rolando Leo Rios
SBN: 16935900
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Telephone: (210) 222-2102
Facsimile: (210) 222-2898
rrios@rolandorioslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of June 2015, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System on all counsel of record.

                                    By: /s/ Chad W. Dunn
                                        Chad W. Dunn