IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANNE HARDING, et al., § <br> § <br> Plaintiffs, § <br> § Civil Action No. 3:15-CV-0131-D <br> VS. § <br> § <br> COUNTY OF DALLAS, TEXAS, § <br> et al., § <br> § <br> Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging violations of § 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment, defendants move to exclude the opinions of plaintiffs' experts, Peter Morrison, Ph.D. ("Dr. Morrison") and Ben Voth, Ph.D. ("Dr. Voth"). For the following reasons, the court denies defendants' motions.[1]

I

Plaintiffs in this case are Anglo residents of Dallas County, Texas who allege that, as a result of the Dallas County Commissioners Court's ("Commissioner's Court's") redistricting of commissioner precincts in 2011, Anglos who reside in Dallas County are

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

being denied under the current map ("2011 Map") the opportunity to elect candidates of their choice to the Commissioners Court. Plaintiffs sue the County of Dallas, Dallas County Judge Clay Lewis Jenkins, and Dallas County Commissioners Dr. Theresa M. Daniel, Mike Cantrell, John Wiley Price, and Dr. Elba Garcia, alleging claims under the VRA and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiffs have designated Dr. Morrison as an expert demographer to evaluate the impacts of the 2011 Map on the Anglo minority population and to investigate the possibility of drawing an alternative map that could better protect the rights of the Anglo minority, while still properly respecting and ordering the traditional redistricting criteria. They have designated Dr. Voth, an expert in communication, language, race and politics, and argumentation, to analyze the presence of racial campaigning in Dallas County.

Defendants move under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to exclude the expert opinions of Drs. Morrison and Voth on the grounds that they are unreliable, unfinished, and have not been fully and properly disclosed. Plaintiffs oppose the motions.

II

To the extent defendants move to exclude Dr. Morrison's opinions on the basis that his analysis is incorrect and incomplete, and to exclude Dr. Voth's opinion that race and ethnically based arguments are strongly evident in political arguments by the candidates on the basis that Dr. Voth's methodology is "badly flawed," Ds. Br. at 4, the court denies defendants' motions.

The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented *to the jury*." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (emphasis added) (citing *Daubert*, 509 U.S. at 590-93). Thus "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003).

Given that this case will be tried to the court rather than to a jury, the objectives of *Daubert* are no longer implicated. Moreover, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Accordingly, the court denies the motions to exclude expert testimony to the extent based on these grounds.

III

The court also denies defendants' motions to exclude the expert opinions of Drs. Morrison and Voth to the extent based on their alleged delay in disclosing certain data underlying their expert opinions.

Fed. R. Civ. P. 26(e)(1) requires the supplementation of Rule 26 disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Expert witnesses are required to supplement "information included in the report and . . . information given during the expert's deposition . . . by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(e)(2).

It is unclear what, if any, underlying data or information defendants still require from Dr. Morrison or Dr. Voth. In any event, the deadline for making pretrial disclosures under Rule 26(a)(3) has not yet passed.[2] Accordingly, the court declines to strike any portion of Dr. Morrison's or Dr. Voth's expert reports based on their alleged delay in providing defendants with the data underlying their expert opinions. If the court later determines that plaintiffs have failed to make an expert disclosure, or have made an untimely disclosure, and that this should result in excluding the evidence to which the disclosure pertains, the court can disregard the evidence in question when rendering its decision on the merits.

---

[2]The trial of this case is scheduled to commence on April 16, 2018. Pretrial disclosures are due 30 days before the scheduled trial date. *See* Oct. 18, 2016 Trial Setting Order ¶ 12 (providing that disclosures under Rule 26(a)(3) are due 30 days before the date of the trial setting).

* * *

Accordingly, for the reasons explained, the court denies defendants' motion to exclude opinions of Dr. Morrison and motion to exclude opinions of Dr. Voth.

**SO ORDERED**.

March 5, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE